## American Silica Sand Company v. Frank McGarry.

1. EVIDENCE—*Improper Basis for Estimates.*—In a suit to collect the amount due for excavating done under a contract providing for payment by the yard, it is improper to admit evidence as to the number of days work done, the number of trips made per day, and the capacity of the scrapers used. Such evidence is entirely too unreliable to form a correct basis for making such an estimate.

2. PLEADING—*Special Contracts Under the Common Counts.*—Where work was done under a special contract, which was subsequently abandoned by mutual consent, the amount due may be recovered under the common counts.

Assumpsit, on the common counts. Error to the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the May term, 1896. Reversed and remanded. Opinion filed December 9, 1896.

BREWER & STRAWN, attorneys for plaintiff in error.

REEVES & BOYS, attorneys for defendant in error.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action of assumpsit on the common counts, ·brought by defendant in error to recover a balance which he claimed to be due him from plaintiff in error, for excavating 22,856 cubic yards of earth at seventeen cents per yard, and for certain other items mentioned in the bill of particulars. Upon a trial by jury there was a verdict for defendant in error for $1,917.27, and a motion for a new trial being overruled there was judgment on the verdict.

Plaintiff in error operated a sand pit at Millington, Kendall county, Illinois, and on October 7, 1892, contracted with defendant in error to pay him seventeen cents per cubic yard for stripping land adjoining its sand pit, to the extent or amount of 30,000 yards of earth overlying the sand rock.

The whole 30,000 yards were to be excavated and the earth removed before January 1, 1893. McGarry was to be paid on the first of each month, seventy per cent of the amount earned in the preceding month, to be ascertained by the estimates of plaintiff in error's superintendent. The contract was in writing and contained other provisions not necessary for the purposes of this decision to be now mentioned.

Before commencing the work, defendant in error had the ground surveyed and measured by one W. B. Benson, who testified that he was a surveyor and city engineer of the city of Streator. Plaintiff in error also had a survey and measurement of the ground made by one George H. Bremner, an engineer for the C., B. & Q. R. R. Company. Defendant in error proceeded with the work of excavation, commencing on October 16, 1892, and but little was accomplished by November 1st, and no estimate of the amount done was made until December 1, 1892, when the plaintiff in error paid $1,200 on account. During the winter, the ground being frozen, but little progress was made and the work dragged along until the following June, when, on the 14th of that month, plaintiff in error wrote McGarry that it was dissatisfied, and perhaps the work had better be closed, and it would send over the engineer to measure up the work. Thereupon defendant in error quit and did no further work. In the meantime plaintiff in error had, in the latter part of January, 1893, made a further payment to McGarry, by giving him its note for $800, which he had discounted at an expense of $13.55, thus realizing $786.45, and making a total of payments received by him upon his work of $1,986.45. There is no dispute about the amount defendant has received, but the controversy relates to the

amount he has earned. After he quit work he had the ground surveyed and measured again by Mr. Benson and from the figures made by Benson, Mr. E. A. Graves calculated the amount of stripping done, and made a total of 21,575 cubic yards.

Plaintiff in error had the ground again surveyed and measured by Mr. Bremner, the C., B. & Q. engineer who made the former measurement for it, and according to his figures the total amount of the excavation was only 11,510 cubic yards.

At the instance of defendant in error one Robert Wilson, a civil engineer, measured the spoil bank, or bank of earth where McGarry had deposited that which he had excavated, and his estimate of the earth in the spoil bank was 11,326.09 cubic yards. Adding to this amount 182 yards which the evidence shows McGarry had shipped to Streator, Wilson's total estimate of the earth removed was 11,508.09 cubic yards or about two yards less than Bremner's estimate. The evidence satisfies us that the estimates made by Benson and Graves were made upon a false and erroneous basis, and are entirely unreliable. Those made by Bremner and Wilson appear to us much more reliable and correct.

We think the court erred in admitting evidence as to the number of days work done, the number of trips made per day, and the capacity of the scrapers used, for the purpose of arriving at an estimate of the amount of earth removed. Such evidence is entirely too unreliable to form any correct basis for making such estimate, while its effect upon the jury would be extremely damaging to plaintiff in error.

Plaintiff in error contends that it is only bound to pay defendant in error for 11,510 yards of earth removed, at seventeen cents per yard, amounting to $1,956.70, and having already paid him $1,986.45, it owes him nothing on that account.

It will be for the jury to say upon another trial whether anything is due defendant in error or not. Objection is made that he can not recover under the common counts, as the work was done under a special contract; but inasmuch

as the contract appears to have been abandoned by mutual consent we think if anything be due, he may recover for it under the common counts at the contract price. As to the point that defendant in error is not entitled to interest, we are of the opinion that if anything is found to be still due him, interest would be properly allowable on the amount, it being under a written contract.

Much complaint is made about the instructions, but as the judgment must be reversed for the errors above indicated, we do not consider it important to consider now the various objections raised. The judgment is reversed and the cause remanded.